**Larry Bernard ELDER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–86–358.

Court of Criminal Appeals of Oklahoma.

May 12, 1988.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., P. Kay Floyd, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Larry Bernard Elder, was tried in the District Court of Wagoner County in Case No. CRF–84–211 for the crime of Shooting with Intent to Kill, but was convicted of the crime of Assault and Battery with a Deadly Weapon and sentenced to three (3) years imprisonment, and he appeals.

Briefly stated the facts are that on December 29, 1984, appellant shot the victim, Don Barnes, in the chest with a .410 gauge shotgun.

For his first assignment of error appellant asserts that the trial court erred by instructing the jury that Assault and Battery with a Deadly Weapon is a lesser included offense of Shooting with Intent to Kill and by refusing his requested instruction on Assault and Battery with a Dangerous Weapon.

This Court has consistently held that the determination of which instructions shall be given to the jury is a matter within the sole discretion of the trial court provided the instructions given fairly and correctly state the applicable law. *Green v. State,* 611 P.2d 262 (Okl.Cr.1980). We have reviewed the instructions given and since appellant did injure the victim with a deadly weapon, a shotgun, we find that the instructions given sufficiently apprised the jury of the applicable law. Finding no abuse of discretion, this contention is accordingly denied.

Appellant next alleges that he was denied his right to due process due to the interjection of an evidentiary harpoon.[1] We first observe that defense counsel failed to contemporaneously object to the statement, but rather waited until after additional questions had been asked and answered. Therefore, this assignment was waived. *See Thompson v. State,* 541 P.2d 1328 (Okl.Cr.1975). Moreover, we have reviewed the statement made by the deputy, and we agree with the trial court that his response was not an evidentiary harpoon. *Bruner v. State,* 612 P.2d 1375, 1378 (Okl. Cr.1980).

Appellant also argues that a comment by the prosecutor in his closing argument that he was glad the victim lived because he would "rather be trying a case

1. The comment complained of was:
   Q [by State] Okay, sir. What did you do upon leaving the Elder place of business?
   A [by Deputy Foreman] After I left the place of business, we went up to the Payne residence, where I had information he may be trying to hide out.
   Q And did you find him at the Payne residence?
   A No, I didn't. Not at that time.
   Q And what did you do then, sir?
   A At that time I proceeded on my way to Muskogee.
   MR. LANDON [defense counsel]: Your Honor, may we approach the bench?
   (Tr. 88, lines 20–25, Tr. 89, lines 1–5)

of Shooting with Intent to Kill than Murder" was improper and prejudiced the jury. However, in light of the fact that defense counsel promptly objected to this remark, and the trial court sustained the objection and admonished the jury not to consider the remark, we find that the admonition cured the error. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973). This assignment of error is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.